```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                         LEXINGTON DIVISION


IN RE:

BRIAN KEITH GEORGE
OLGA GEORGE

DEBTORS                                          CASE NO. 09-50847


MICHAEL HOGAN
ANETTE HOGAN                                           PLAINTIFFS


VS.                                              ADV. NO. 09-5065


BRIAN KEITH GEORGE
OLGA GEORGE                                            DEFENDANTS
```

**MEMORANDUM OPINION**

This matter is before the court on the Plaintiffs' Motion for Summary Judgment. The Defendants have filed a Response and the Plaintiffs have filed a Reply. The Plaintiffs seek to have the Defendants' debt to them declared nondischargeable pursuant to Bankruptcy Code sections 523(a)(2) and 523(a)(6). This court has jurisdiction of this matter pursuant to Judicial Code section 1334(b); it is a core proceeding pursuant to Judicial Code section 157(b)(2)(I).

    1.   <u>Factual and procedural background</u>

As set out by the Plaintiffs in their Complaint, the Defendants were the owners of property in Colorado identified as 10984 Thomas Drive, Conifer, Colorado ("the Property"). In December 2005, they listed the Property for sale, completing a Seller's Property

1

Disclosure Form ("the Disclosure Form") as part of the process. The Defendants had been involved in prior litigation concerning numerous defects in the construction of the Property, and received a settlement in that regard. None of those proceeds were used to effect repairs on the Property.

In February 2006, the Plaintiffs began negotiating for the purchase of the Property. In the course of the negotiations, the Plaintiffs asked the Defendants about structural defects or issues in regard to the Property and were told there were none. In July 2006, the Plaintiffs entered into a real estate contract to purchase the Property from the Defendants. Prior to execution of the contract, the Defendants tendered the Disclosure Form to the Plaintiffs; the Disclosure Form was incorporated into and made part of the contract. The Defendants became aware of additional defects in the Property after their execution of the Disclosure Form. In the summer of 2006, they contracted for repairs to the Property's sewer/septic system, but did not reveal this to the Plaintiffs.

The Plaintiffs and the Defendants closed on the sale of the Property on August 31, 2006, and the Plaintiffs took possession of it. Thereafter, the Plaintiffs discovered multiple additional defects involving the sewer/septic system, a retaining wall, flashing under logs and around the deck, the deck foundation, foundation walls, and French drains. The Plaintiffs then commenced a suit against the Defendants in the first District Court of Jefferson County, Colorado, Case No. 07 CV 6520 ("the Colorado litigation"). Subsequent to the filing of the Plaintiffs' Complaint, the Defendants filed a Chapter 13 case in this court on July 30, 2008. This case was voluntarily

dismissed by an order entered on September 12, 2008.

After the Chapter 13 proceeding was dismissed, the Plaintiffs resumed the Colorado litigation. The allegations in their complaint were tried to a jury, and a verdict and judgment rendered in their favor. The jury found that the Defendants had engaged in misrepresentation/fraud in the inducement, negligent misrepresentation, and breach of contract, and awarded the Plaintiffs a judgment, jointly and severally, against both Defendants in the amount of $171,000.00 on each finding, for a total of $513,000.00. The jury further found that the Defendants had each engaged in misrepresentation/fraud in the inducement and negligent misrepresentation, and awarded the Plaintiffs exemplary/punitive damages against each of them in the amount of $93,500.00, for a total award of $187,000.00. The jury reserved ruling on the taxing of fees and costs. No appeal of the judgment has been taken.

On March 23, 2009, the Defendants filed a Chapter 11 case. The Plaintiffs commenced this proceeding by the filing of their Complaint Objecting to Dischargeability of Debt on April 28, 2009. On October 14, 2009, the Defendants filed a Motion to Convert Case to a Case Under Chapter 7. An Order Converting Case was entered on October 21, 2009.

2.  Discussion

The Plaintiffs contend that the Defendants are collaterally estopped and precluded from re-litigating the issues decided in the Colorado litigation. They state that the Amended Complaint, jury instructions, verdicts and state court judgment rendered against the Defendants taken as a whole provide bases for the Plaintiffs' claims

under Code sections 523(a)(2)(A) and 523(a)(6) and prevent the Defendants from re-litigating those issues in this proceeding. The Plaintiffs have filed copies of these pleadings and other documents in this proceeding.

    A.   Section 523(a)(2)(A)

In order for the Plaintiffs to be awarded summary judgment on this issue, this court must find that the Colorado state court judgment has preclusive, or collateral estoppel, effect in the dischargeability proceeding. In order to determine if collateral estoppel applies, the Court must look to the law of the state which rendered the judgment to see if the courts of that state would give the judgment preclusive effect. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327 (1985). Colorado courts apply the doctrine of collateral estoppel if the following factors are satisfied:

> (1) the issue precluded is identical to the issue actually determined in the prior proceeding; (2) the party against whom estoppel is asserted was a party in the prior proceeding; (3) there is a final judgment on the merits in the prior proceeding; and (4) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Grynberg v. Arkansas Oklahoma Gas Corp.*, 116 P.3d 1260, 1263, Colo.App. (2005).

Collateral estoppel may be employed in cases involving dischargeability questions if the precise issue was raised in the prior proceeding between the same parties or parties in privity with them, if it was actually litigated, and if its determination was necessary to the outcome in state court. *Spilman v. Harley*, 656 F.2d 224 (6th Cir. 1981). *See also In the Matter of McMillan*, 579 F.2d 289 (3rd Cir. 1978).

The precise issue to be decided as concerns dischargeability is whether the Defendants' conduct brought them within the purview of Code section 523(a)(2)(A). That subsection provides that an individual debtor's debt incurred

> for money, property, services, or an extension, renewal, or refinancing of credit , to the extent obtained by--
> false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

will not be discharged in bankruptcy. As stated in *In re McLaren*, 3 F.3d 958 (6th Cir. 1993):

> It is well established that in order to except a debt from discharge under section 523(A)(2)
> 'the creditor must prove that the debtor obtained money through a material misrepresentation that at the time the debtor knew was false or made with gross recklessness as to its truth. The creditor must also prove the debtor's intent to deceive. Moreover, the creditor must prove that it reasonably relied on the false representation and that its reliance was the proximate cause of the loss.'
> *Atassi v. McLaren* (*In re McLaren*), 990 F.2d 850, 852 (6th Cir. 1993) (quoting *Coman v. Phillips* (*In re Phillips*), 804 F.2d 930, 932 (6th Cir. 1986). Additionally, the proper burden upon [the creditor]'"...was to show proof of ... fraud by a preponderance of the evidence only."' *Id*. at 853 (citing *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654 (1991) ...).

*Id*. at 961. As concerns the reliance requirement, the Supreme Court has ruled in *Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437 (1995), that the standard for excepting a debt from discharge as a fraudulent misrepresentation within the meaning of section 523(a)(2)(A) is not reasonable reliance but the less demanding one of justifiable reliance on the representation. The Supreme Court further stated therein: "We construe the terms in § 523(a)(2)(A) to incorporate the general common law of torts, the dominant consensus of common-law jurisdictions, rather than the law of any particular State." *Id.* at 444.

In order for the first requirement for the application of collateral estoppel to be met, it must be clear that the issue of whether the Defendants herein incurred the debt to the Plaintiffs herein by means of a false representation was raised in the state court proceeding.  The Plaintiffs herein state that the Amended Complaint in the Colorado litigation describes the completion of a state-mandated Disclosure form, and the ongoing duty of the Defendants to disclose to prospective purchasers any information that would adversely affect the habitability of the Property.  Further, in their Motion for Amended Complaint, the Plaintiffs describe how the Defendants received a $225,000.00 settlement regarding construction defects in the Property, yet never revealed these to the Plaintiffs. These defects, none of which were included on the Disclosure Form, were set forth in numbered paragraph 17 of the Amended Complaint.

The Plaintiffs maintain that the material misrepresentation made by the Defendants was in the form of the Disclosure Form they completed in regard to the sale of the Property.  After completing the original Disclosure Form, the Defendants did not reveal subsequent problems with the septic system and failed to amend the Disclosure Form.  These allegations were considered by the jury in Jury Instruction 16 (Pl. Exh. 10) which provides that for the Plaintiffs herein to recover against the Defendants on the claim of negligent misrepresentation, all the following statements had to be found to be true:

>     1.  The defendant gave false information to the claimant
>     2.  The defendant gave such information to the claimant in the course of . . . a transaction in which the defendant had a financial interest.
>     3.  The defendant gave the information to the claimant for

```
      the guidance or use of the claimant in a business
      transaction.
      4.  The defendant was negligent in . . . communicating the
      information.
      5.  The defendant gave information with the intent or
      knowing that the claimant would act or decide not to act in
      reliance on the information.
      6.  The claimant relied on the information supplied by the
      defendant, and
      7.  The reliance on the information supplied by the
      defendant caused damage to the claimant.
```

The jury decided all these elements in the Plaintiffs' favor, and they contend that the establishment of these elements satisfies their burden to demonstrate that they have met the requirements of section 523(a)(2)(A).  They further contend that the Defendants are precluded from relitigating these elements in this proceeding.

The issue of actual fraud was also considered in the Colorado litigation.  As stated in *W. Cities Broad., Inc. v. Schueller*, 830 P.2d 1074, Colo.App. (1991):

> In order to prevail on a claim for fraud, one must
> establish: (1) a false representation concerning a material
> existing fact; (2) knowledge on the part of the one making
> the representation of its falsity; (3) ignorance of its
> falsity on the part of the one to whom the representation
> was made; (4) an intention by the person making the
> representation that it be acted upon; and (5) action on the
> representation resulting in damage to the claimant.

*Id*. at 1077 (internal citations omitted).  The Plaintiffs  offer Jury Instruction 38 (Pl. Exh. 13) which required that the jury find the all the following in order for the Plaintiffs to prevail:

```
      1.  The defendant made a false representation of a past or
        present fact;
      2.  The fact was material;
      3.  At the time the representation was made, the defendant
         knew the representation was false;
      4.  The defendant made the representation with the intent
         that the plaintiffs would rely on the representation;
      5.  The plaintiffs relied on the representation;
      6.  The plaintiffs' reliance was justified; and
      7.  This reliance cause damages to the plaintiffs.
```

Further, Jury Instruction 12 (Pl. Exh. 14) provides that if the jury found in favor of the Plaintiffs against the Defendants on the claim of fraud, the jury could consider punitive (exemplary) damages.  In a Special Verdict on the issue of fraud (Pl. Exh. 3).  Therein the jury responded that the Plaintiffs were entitled to recover damages from the Defendants on the claim of fraud.  The jury awarded the Plaintiffs $93,500.00 in punitive damages against each of the Defendants.

The Plaintiffs maintain that all the elements of fraud under Kentucky law were found by the jury in the Colorado proceeding, that the Defendants are collaterally estopped from re-litigating those issues in this proceeding, and that they are entitled to judgment as a matter of law on their Complaint as all the elements under section 523(a)(2)(A) were considered by the jury and decided in their favor. The Plaintiffs are mistaken in that it is not the elements of fraud under Kentucky law that the court must consider.  In this instance, all the elements of fraud under Colorado law were found by the jury and these satisfied the requirements for determining non-dischargeability under section 523(a)(2)(A) as set out above.  The court therefore finds that the Plaintiffs are entitled to judgment as a matter of law on the allegations of their Complaint regarding fraud.

    B.    <u>Section 523 (a)(6)</u>

A debt may be found to be nondischargeable if it is "for willful and malicious injury to another entity or the property of another entity."  11 U.S.C. § 523(a)(6).  The standard for determining such an injury has been articulated by the United States Supreme Court in *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S. Ct. 974 (1998).  Only a debt resulting from a "deliberate and intentional injury" will be excepted

8

from discharge under section 523(a)(6).  *Id.* at 61, 118 S. Ct. at 977.  Further, "[o]nly acts done with the intent to cause injury-and not merely acts done intentionally-can cause willful and malicious injury." *In re Markowitz*, 190 F.3d 455, 464 (6th Cir. 1999).  The *Markowitz* court went on to say that "the judgment must be for an injury that is both willful and malicious.  The absence of one creates a dischargeable debt." *Id.* at 463.  The *Markowitz* court further defined the requirements of the statute:  "[U]nless the actor desires to cause the consequences of his act, or . . . believes that the consequences are substantially certain to result from it, he has not committed a willful and malicious injury as defined under § 523(a)(6)." *Id.* at 464 (internal citation and quotation omitted).

    As set out by the court in *The Spring Works, Inc. v. Sarff (In re Sarff)*, 242 B.R. 620 (6th Cir. B.A.P. 2000), damages for a breach of contract can be nondischargeable under section 523(a)(6): "The plaintiff must, however, show more than just a knowing breach of contract and must prove that the defendant intended to cause harm by breaching the contract." *Id.* at 626 (internal quotation and citation omitted).  The Plaintiffs herein base their claim for damages under section 523(a)(6) on the language found in Jury Instruction 12 (Pl. Exh. 14) concerning punitive damages: "If you find beyond a reasonable doubt that the defendant acted in a fraudulent, malicious, or willful and wanton manner, in causing the plaintiffs' damages, you shall determine the amount of punitive damages, if any, that the plaintiff should recover as to that defendant."  The Plaintiffs state that by awarding the punitive damages they sought, the jury had to have found that the conduct of the Defendants was "malicious or willful and

9

wanton."

The Plaintiffs' own words define the error of their position. As enunciated by the *Markowitz* court, in order for a debt to be found to be nondischargeable under section 523(a)(6), both the willful and the malicious prongs of the statute must be satisfied. The jury in the Colorado litigation was not asked to find that the injury to the Plaintiffs was both willful and malicious; it was enough to determine that either one was the case. The Plaintiffs cannot, therefore, prevail on their Motion for Summary Judgment on the issue of the dischargeability of the Defendants' debt to them under section 523(a)(6) as the requirements under that statute were not satisfied.

C.  Conclusion

The court concludes that the Plaintiffs are entitled to Summary Judgment as to their claims under Bankruptcy Code section 523(a)(2), for the damages awarded on their claim of fraud, and for punitive damages awarded on account of fraud. The court further concludes that the Plaintiffs' Motion for Summary Judgment as regards their claim under Bankruptcy Code section 523(a)(6) must be overruled. An order in conformity with this opinion will be entered separately.

Copies to:

Thomas L. Canary, Esq.
John E. Davis, Esq.



~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*

**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Thursday, November 12, 2009
(wsh)**