UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

| | |
|---|---|
| BRIAN AND OLGA GEORGE | CASE NO. 09-50847 |
| DEBTORS | |
| MICHAEL AND ANETTE HOGAN | PLAINTIFFS |
| V. | ADV. CASE NO. 09-5065 |
| BRIAN AND OLGA GEORGE | DEFENDANTS |

**MEMORANDUM OPINION DENYING SUMMARY JUDGMENT; ADJUDICATING AND EXCEPTING ATTORNEYS FEES/COSTS FROM DEBTORS' DISCHARGE**

This matter came before the Court on the Plaintiffs' Motion for Summary Judgment (the "SJ Motion") [Doc. 55] which the Court heard on September 7, 2011 [Doc. 68] and Plaintiffs' supplemental request for this Court to award and/or declare certain attorneys fees/costs excepted from the Defendants/Debtors' discharge, all of which were opposed by Defendants.

The SJ Motion is merely an untimely Motion to Reconsider. Specifically, the Plaintiffs again request that the Court reconsider its Memorandum Opinion and Partial Summary Judgment [Docs. 34 & 35] whereby the Court found that a debt of $171,000, adjudicated by a Colorado state court, to be excepted from the Debtors' discharge pursuant to 11 U.S.C. §523(a)(2)(A). By way of background, this ruling was previously the subject of a Motion to Reconsider [Doc. 36 & 39] which the Court denied [Doc. 40], an unsuccessful appeal to the Bankruptcy Appellate Panel [Doc 41] which was dismissed for lack of jurisdiction [Doc. 50], as well as a Motion to Modify Automatic Stay and Motion for Indicative Ruling [Case No. 09-50847 Doc. 238, 212] in the main case which sought this Court's authorization for Plaintiffs to seek

1

certain clarifications from the Colorado state court which this Court denied [Doc. 252, 219]. The Court declines to revisit this issue again. The Plaintiffs' Motion makes no arguments regarding the remaining claims pending in this proceeding; thus, the SJ Motion will be denied.

Rather than proceed to trial, after the hearing on the SJ Motion, Plaintiffs filed a Waiver of Remaining Causes of Action in the Adversary Proceeding ("Waiver") [Doc. 71]. The Waiver left open only the issues of whether attorneys fees and costs (a) awarded to the Plaintiffs by the Colorado state court, and (b) incurred by Plaintiffs in this adversary proceeding are to be excepted from the Debtors' discharge. Following the filing of Plaintiffs' Statement of Attorney Fees and Costs [Doc. 72], Joint Stipulations of Fact [Doc. 73 & 74], and briefs [Doc. 75, 78 & 79], the matter was submitted by agreement.

The parties agree that Plaintiffs initiated and obtained a judgment in their favor against the Debtors and others in the District Court of Jefferson County, Colorado, Civil Action No. 07-CV-6520; that the state court awarded the Plaintiffs costs totaling $56,287.90 and attorneys fees of $96,083.50. In addition, Plaintiff's counsel has filed for fees and costs incurred in this adversary proceeding in the amounts of $24,435.00 and $250.00 respectively.

Plaintiffs argue that costs and fees rendered by a state court in connection with a finding of fraud are non-dischargeable citing Cohen v. De La Cruz, 523 U.S. 213, 218, 118 S.Ct. 1212, 1216 (1998). Plaintiffs also argue that because the contract between the parties provides for the recovery of reasonable costs and expenses, including attorneys fees, by the prevailing party, that the fees and costs incurred in pursuing this adversary proceeding may be awarded and deemed non-dischargeable pursuant to Travelers Casualty & Surety Company of America, Petitioner v. Pacific Gas and Electric Company, 549 U.S. 443 (2007).

Defendants admit that the law and cases cited by Plaintiffs are applicable, but make several mathematical calculations in opposition to the requested relief. Specifically, Defendants

2

argue that Plaintiffs only won on three of seven counts (three-sevenths) in state court, and that of the $513,000.00 plus punitive damages awarded by the state court that only $171,000.00 (one-third) of that was premised on a non-dischargeable fraud claim, thus Plaintiffs' recovery of attorneys fees and costs should be limited to one-third of three-sevenths of their incurred fees. Defendants make an alternative mathematical argument contending that in the within adversary proceeding they are the prevailing party as to two-thirds of the claim because Plaintiffs only had one-third ($171,000) of their judgment ($513,000.00) deemed excepted from Debtors' discharge and thus, *Defendants* should recover two-thirds of *their* attorneys fees in this action. Defendants also argue that the award of fees and costs in the state court are not binding on Defendants because Defendants did not know that motions for attorney fees and costs were filed; thus, making the state court orders virtual default judgments. Finally, Defendants argue that even if this Court finds that the state court awarded fees/costs are binding on the Defendants, this Court must determine the extent to which they are non-dischargeable.

Plaintiffs reply that the award of costs in the amount of $56,287.90 was directed to the fraud claim because the Verified Bill of Costs was predicated only upon the first cause for relief in the state court complaint for misrepresentation/fraud in the inducement and the seventh cause which was the punitive damages that arose out of the misrepresentation/fraud. Plaintiffs also argue that the attorneys fees awarded in the state court action arose from and are traceable to the Defendants' fraud because the fraud has been adjudicated in the Plaintiffs' favor by the state court and the fees and costs were awarded to "the prevailing party." Finally, Plaintiffs assert that the attorneys fees/costs incurred in this adversary proceeding should be excepted from discharge as a natural and continued consequence of the Debtors' fraud.

## ANALYSIS

The Court has jurisdiction herein pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper pursuant to 28 U.S.C. § 1409.

The creditor bears the burden of proof in actions to determine the dischargeability of a debt under section 523(a)(2) of the Bankruptcy Code, and the creditor must prove its case by a preponderance of the evidence. *See 4* COLLIER ON BANKRUPTCY ¶ 523.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011) *citing* Grogan v. Garner, 498 U.S. 279, 111 S. Ct. 654, 112 L. Ed. 2d 755, 24 C.B.C.2d 1 (1991). Section 523(a)(2)(A) generally excepts from an individual debtor's discharge "…any debt for money, property, services . . . to the extent obtained by false pretenses, a false representation, or actual fraud…." 11 U.S.C. §523(a)(2)(A). The U.S. Supreme Court has construed this provision to prevent the discharge of all liability, including attorneys fees, that arises from a debtor's fraud. Cohen v. De La Cruz, 523 U.S. 213, 215; 118 S.Ct. 1212, 1215 (1998).

Unlike as it does for certain debtors, section 523 does not provide for the recovery of attorneys fees by creditors. *Cf.* 11 U.S.C. §523(d). The basis for an award of attorneys fees must be based in law or contract. Travelers, 549 U.S. at 448. Here, the Colorado court based its award on a provision of the parties' contract which authorized an award of attorneys fees to the "prevailing party." The contract provides at paragraph 26 that "This contract and all disputes arising hereunder shall be governed by and construed in accordance with the laws of the State of Colorado that would be applicable to Colorado residents who sign a contract in this state for property located in Colorado." The Colorado Supreme Court has stated "To 'prevail' . . . a party must prevail on a significant, but not necessarily central, issue in litigation and derive some of the benefits sought by the litigation. . . The number of claims on which a party prevails or the amount awarded for those claims does not determine who is the prevailing party." Farmers

4

Reservoir and Irrigation Company v. City of Golden, 113 P.3d 119, 128 (Colo. 2005). Here, Plaintiffs are the only prevailing party in both the state court action and in this adversary proceeding. The Court rejects Defendants' argument that they prevailed on some things sufficient to give them a claim for, or reduction in, attorneys fees/costs. The Court also rejects Defendants' default judgment argument because the Defendants did meaningfully participate in the state court litigation and had a full and fair opportunity to litigate the fee issues. "Not being present at the trial is not an act of default . . ." Kielsmier v. Foster, 669 P.2d 630, 6323 (Colo. App. 1983). "The taking of evidence and entry of judgment on [the day of trial] in the absence of one of the parties who knows his case is set for trial is not a proceeding under the default provisions of the rules, . . ." Rombough v. Mitchell, 140 P.3d 202, 205 (Colo. App. 2006) *citing* Davis v. Klaes, 141 Colo. 19, 22, 346 P.2d 1018, 1019 (1959).

The next inquiry is whether the attorneys fees/costs as awarded by the Colorado court should be excepted from discharge. The Court rejects Defendants' invitation to do an arbitrary mathematical calculation. As noted above, the Plaintiffs prevailed in the Colorado action. The Court has reviewed costs and fees, and finds that all of the awarded fees and costs necessarily arose from the Debtor's fraud. While the Supreme Court in De La Cruz was not faced with the issue of multiple claims in one action, only some of which are non-dischargeable, the stated policy underlying the decision was clearly to make defrauded creditors whole. De La Cruz, 523 U.S. 222-223. The Court cannot discern any fees that were incurred solely for the actions that have not been excepted from the Debtors/Defendants' discharge and the Defendants have not identified any such fees/costs. Thus, the attorneys fees and costs awarded to Plaintiffs by the state court in the amounts of $96,083.50 and $56,287.90 respectively shall be excepted from the Defendants' discharge pursuant to section 523(a)(2)(A).

Finally, the Plaintiffs' attorneys fees/costs incurred in this adversary proceeding [Doc 72] are clearly charges which arose from the Defendants' fraud; however, the Court must determine if they are reasonable. Plaintiffs correctly point out that Travelers allows post-petition contractual fees.  "This case requires us to consider whether the Bankruptcy Code disallows contract-based claims for attorney's fees based solely on the fact that the fees at issue were incurred litigating issues of bankruptcy law.  We conclude that it does not." Travelers, 549 U.S. at 449.  Pursuant to their contract with Defendants, the Court will award Plaintiffs, as the prevailing parties, their reasonable attorney fees and costs incurred in prosecuting this adversary proceeding in the amount of $10,485.00 and $250.00 respectively, which amounts are excepted from the Defendants' discharge.  The Court does not find the fees incurred between November 20, 2009 and August 16, 2011 to be reasonable in that the charges were incurred for repeated requests (albeit in different procedural postures) for this Court to revisit its ruling of November 12, 2009.  "The reasonableness of fees has two facets.  First, the Court must determine whether the actions taken by the creditor were reasonable. If not, the fees must be disallowed in full. If the actions were reasonable, the Court must then determine whether the itemized fees are reasonable, . . ."  In re Brumel, 54 B.R. 462, 464 (Bankr. Colo. 1985).  Here, the repeated requests were not reasonable actions.

The foregoing constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered.

Copies To:

Tom Canary, Jr., Esq.

John E. Davis, Esq.

6

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Wednesday, February 01, 2012**
**(tnw)**